[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 14598
The defendant has moved for Summary Judgment alleging no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. It claims that Jonathan J. Baldi, the alleged intoxicated person who was the driver of the car in which the plaintiff was injured, was not sold or served any alcoholic beverages in the defendant's package store on the night the accident occurred. Baldi drove the car into a telephone pole. As a result, the plaintiff, Christopher Fusco was injured. He brought this action against the defendant under C.G.S. §30-102, the dram shop statute.
The undisputed facts are that Baldi and Casey McGrath entered the package store to purchase liquor. Both selected the purchase. Both stepped up to the register to make the purchase. McGrath paid for the liquor then they drove away with Baldi driving. Fusco, the passenger, was injured when the car struck the pole.
C.G.S. § 30-1 02 states is relevant part:
 "If any person, . . . sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, the seller shall pay just damages to the person injured . . ."
The defendant claims that since Baldi was not the one who purchased the liquor, he cannot be held liable under the statute. The plaintiff cites the case of Pierce v. Albanese,144 Conn. 241, 258 (1957) which states that "The purveying or furnishing of intoxicants for a price to a person or group of two or more obviously together in one company, would be a sale to that person or to each member of the group, within the terms (of the statute) [The Dram Shop Act]. Id. p. 259. The Pierce court determined that the use of the word "sell" in the statute meant "purvey" or "furnish" in the strict sense of the term.
The Pierce case dealt with a situation where the liquor was to be consumed on the premises. In the present case, the sale in a package store, it is obvious the liquor was not to be consumed on the premises. However, the same principle applies, namely that a seller of liquor is liable under the statute for injuries caused by an intoxicated person to whom it has sold liquor. The CT Page 14599 plaintiff need not prove he drank the liquor provided, only that he was drunk when served and thereafter, caused injury to the person of another.
The Motion for Summary Judgment is, therefore, denied.
D. Michael Hurley, Judge Trial Referee